IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   12-cv-02538-WYD-CBS

STARR SURPLUS LINES INSURANCE COMPANY, a New York corporation,

    Plaintiff/Counter-Defendant,

v.

SEMPLE BROWN DESIGN, P.C., a Colorado corporation,

    Defendant/Counter-Plaintiff.

---

**ORDER**

---

THIS MATTER is before the court on Plaintiff/Counter-Defendant's Motion for Summary Judgment (ECF No. 50).  A hearing on this motion is scheduled for December 10, 2014.

By way of background, this is an insurance coverage dispute where Starr Surplus Lines Insurance Company ("Starr") seeks a declaratory judgment that it has no duty to provide coverage for the claim made against Semple Brown Design ("Semple Brown") by Gart Properties and Pavilion Holdings arising out of a renovation project at the Denver Pavilions shopping center.  On the other hand, Semple Brown asserts claims against Starr for breach of contract, bad faith breach of insurance contract, violation of Colo. Rev. Stat. § 10-3-1115 *et seq*, and declaratory judgment.

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted). Summary judgment may be granted only where there is no doubt from the evidence, with all inferences drawn in favor of the nonmoving party, that no genuine issue of material fact remains for trial and that the moving party is entitled to judgment as a matter of law. *Bee v. Greaves*, 744 F.2d 1387 (10th Cir. 1984).

After thoroughly reviewing Starr's pending motion and the parties' related submissions, I find numerous, genuine issues of fact exist in this case. Thus, Starr's request for summary judgment is denied, and the hearing set for December 10, 2014 is vacated. Accordingly, it is

ORDERED that Starr Surplus Lines Insurance Company's Motion for Summary Judgment (ECF No. 50) is **DENIED.** It is

FURTHER ORDERED that in light of my finding, the hearing set for December 10, 2014 is **VACATED.** It is

FURTHER ORDERED that a 5-day trial to both the Court and a jury is set for **Monday, August 24, 2015 at 9:00 a.m.** A final trial preparation conference is set for

**Wednesday, August 5, 2015 at 10:00 a.m.**  The parties are reminded to review and comply with all directives set forth in my Practice Standards with respect to both bench trial and jury trial preparation.  Additionally, the parties shall file a joint statement not later than **Friday, July 10, 2015** indicating which issues will be tried to the Court and which issues will be tried to a jury (including how much time will be needed) along with a proposed schedule for the 5-day trial.

     Dated:  December 3, 2014

                                       BY THE COURT:

                                       s/ Wiley Y. Daniel
                                       Wiley Y. Daniel
                                       Senior United States District Judge